Brady, J.
—Philip L. Van Rensselaer, who died March, 1873, left a last will and testament by which he gave to Ms-sister Mrs. Grubb, the plaintiff’s testatrix, a legacy, and in the following words:
"I hereby give and bequeath to my sister Elizabeth the sum of $10,000, to be paid by my executors when it shall be convenient for them, without regard to the time fixed by law, out of the moneys derived from the sale of the Van Schaick farm, left me by my brother Oortlandt, or otherwise, if it shall seem best to them. It is further my will that this legacy shall be deemed subservient to all others.”
During the year mentioned, all of the personal estate was appropriated and distributed, and it was largely in excess of the debts, obligations and legacies, all of which were paid except that given to Mrs. Grubb. The excess was paid to the defendant Annie W. Van Rensselaer, who was the widow and residuary legatee of the testator. In 1870, the testator was the owner of a tract of land in Troy, in this state, which is referred to in the bequest and was known as the Van Schaick farm, and in that year he formed a compact with Levi Smith and John P. Albertson, by which they were to sell the farm, and after paying to him the sum of $20,000 were to become joint owners with him of one-half thereof. Sales had been made under this contract, and at the time of his death, mortgages upon the property were embraced in his assets amounting to $8,140, and subsequent to his death, further sales amounting, it .eems, to $15,458, were made, of which the defendant executor was advised, and with which he was connected, although, as he claims, only as agent and not as executor, having signed the deed only on request and having at once given the proceeds to the widow as the residuary legatee. .
Mrs. Grubb, it appears, was the wife of a rich man, and it seems to have been supposed that she could wait until further sales would furnish the means to pay her legacy. Whether the widow was in needy circumstances or pressed for money does not, appear. The defendant executor seems also to have had a theory in relation to the farm, and which was, that “ he felt no obligation ” to pay Mrs. Grubb until the $20,000 and interest that was provided for in the Smith and Albertson contract was paid to the widow; that Mrs. Grubb had no right to any part of that sum, and that he so told the widow. It was partly for that reason, and partly from the discretion invested in him by the form of the bequest, that he paid over the money to the widow. The bequest, however, expressly directs the payment of the *294 legacy to Mrs. Grubb “out of the money received from the sale of the farm,” and the discretion was as to the payment of it from other assets, and this discretion was no doubt given to provide against the failure of the farm to pay the legacy. The direction to pay it out of the moneys received from the farm indicates a settled purpose that such moneys should be so used. The bequest was made subservient, it is true, for the reason that it was to be paid out of the proceeds of the land, unless the executors thought it wise or proper in their discretion to pay it out of other moneys. If the discretion was not thus exercised, however, then it was to be paid out of the moneys received from the farm.
There was at the time of the testator’s death a fund of over $8,000 in mortgages, and this was one composed of moneys received from the sale’s of the farm lands, and should have been appropriated to the payment of Mrs. Grubbs’ legacy; but although ho doubt whatever is entertained about this proposition, if it be an erroneous view, then the moneys subsequently received should have been so applied. The legacy was a charge upon the land, the proceeds from the sales of which were specifically appropriated to its payment. There is ho obscurity about the provision on that subject. It may be ingeniously surrounded by invoking some of the numerous theories evolved by adjudications upon wills, but the intent is too luminous to be overshadowed. This is the guiding star. The defendant executor was led by an erroneous view of his duties. His sympathies were apparently with the widow of the testator, and perhaps justly so, on account of the supposed wealth of Mrs. Grubbs’ husband, but this does not justify a departure from obligations plainly expressed.
The question presented is not one of sympathy but of right, and as such must be treated. The errors committed are really those of the defendant executor in paying the sums of money received from the sales of part of the Van Schaick farm to the widow, and for these errors he was properly required to make reparation by the judgment pronounced against him.
No other errors are discerned, and adopting the views of the learned justice in the court below, we feel it our duty to affirm the judgment appealed from, with costs.
Daniels, J., concurs.